UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK GARNER                          CIVIL ACTION

VERSUS                                  NO: 10-4135

BRIAN HYKEN, ET AL.                     SECTION: R(4)

**ORDER AND REASONS**

In this case arising out of an automobile accident, plaintiff moves to remand the matter to state court,[1] and defendants move to amend the notice of removal.[2]  Because not all of the served defendants timely joined or consented to the removal, the Court DENIES defendants' motion to amend, GRANTS plaintiff's motion to remand, and REMANDS the case to state court.

**I.   Background**

This case concerns an automobile accident that occurred in Orleans Parish.  Plaintiff Patrick Garner alleges that on October 1, 2009, his vehicle was struck by a vehicle owned by defendant Shepard Hyken and driven by defendant Brian Hyken.  On September

---

[1]     R. Doc. 8.

[2]     R. Doc. 15.

17, 2010, Garner filed suit in the Civil District Court for Orleans Parish.[3]  In addition to the Hykens, Garner sued American Family Mutual Insurance Company, which provides liability insurance for the Hykens, and USAA Casualty Insurance Company, which provides uninsured/underinsured motorist coverage to plaintiff.

On October 27, 2010, defendant American Family filed a notice of removal in this Court.[4]  The notice asserts that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  The notice also states that Garner is domiciled in Louisiana, that the Hykens are domiciled in Missouri, that American Family is a "foreign corporation with its principal place of business in the State of Wisconsin," and that USAA "is a foreign corporation with its principal place of business in Texas."[5]  Additionally, the notice states that the amount in controversy exceeds $75,000.

Plaintiff asks the Court to remand this matter to state court because not all of the served defendants joined in the

---

[3]     R. Doc. 1, Ex. A.

[4]     R. Doc. 1.

[5]     *Id.* at 2.

2

notice of removal.[6]  Plaintiff also argues that defendants have not adequately alleged complete diversity of citizenship, though plaintiff concedes that this deficiency may be corrected by amending the notice of removal.  In response, defendants filed a motion for leave to file an amended and supplemental notice of removal and consent to removal.[7]  These motions are now before the Court.

## II.  Discussion

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the suit.  *See* 28 U.S.C. § 1441(a).  To remove a case from state court to federal court, a defendant must file a notice of removal.  *See id.* § 1446(a).  This notice must be filed within thirty days of service on the defendant.  *Id.* § 1446(b).  The thirty-day limit is not jurisdictional, *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988), but because removal raises significant federalism concerns, courts construe removal requirements strictly.  *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Aucoin v.*

---

[6]     R. Doc. 8.

[7]     R. Doc. 15.

3

*Gulf South Pipeline Co., L.P.*, No. 04-824, 2004 WL 1196980, at *1 (E.D. La. May 26, 2004).

The Fifth Circuit has interpreted 28 U.S.C. § 1446 to require that all properly joined and served defendants consent to removal. *Getty Oil Corp.*, 841 F.2d at 1262. If a defendant fails to consent, the petition is defective. *Id.* Under this "rule of unanimity," it is not necessary for each defendant to sign the notice of removal, "but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so." *Id.* at 1262 n.11. Additionally, the thirty-day period begins to run as soon as the first defendant is served, so long as the case is then removable. *Id.* at 1263. Thus, "all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Id.*

In this case, American Family was served on September 28, 2010, and it filed a notice of removal on October 27, 2010.[8] Although the notice was filed within the thirty-day limit, defendants Brian and Shepard Hyken and USAA did not join in the removal. Further, the Hykens and USAA did not give any

---

[8]    R. Doc. 1.

4

indication of consent to removal within the thirty-day limit of 28 U.S.C. § 1441(b). Written statements that these defendants consent to removal are now in the record, but those statements were filed on December 13, 2010, well after the thirty-day period expired.[9]

American Family contends that its notice of removal is not fatally deficient and may be amended to reflect the consent of the Hykens and USAA, for two reasons. First, American Family argues that the notice of removal did not reflect the Hykens' consent due to exceptional circumstances. Second, American Family argues that USAA is a nominal party whose consent is not required. If either of American Family's arguments is incorrect, then removal is not proper, and the Court must remand this case.

A.   *Brian and Shepard Hyken*

In *Getty Oil*, the Fifth Circuit recognized that "exceptional circumstances" may permit removal even when proper notice of removal is not filed within thirty days of the day on which the first defendant was served. 841 F.2d at 1263 n.12. In only one case, however, has the Fifth Circuit actually found that exceptional circumstances excuse non-compliance with the thirty-

---

[9]    R. Docs. 14-2, 15-2.

day limit: *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002).  In *Gillis*, the non-removing defendant did not file its written consent in a timely fashion because consent could be authorized only at a board meeting.  A board meeting could not be scheduled within the thirty-day removal period because the chairman of the board, who was also a plaintiff in the matter, had interposed scheduling conflicts.  Finding the circumstances "unique" and "exceptional," the court applied the equitable exception of *Getty Oil.  Id.* at 759.

*Gillis* demonstrates that circumstances must truly be exceptional for a court to excuse non-compliance with the thirty-day limit.  The few district courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings.  *See Turner v. Mine Safety Appliances Co.*, No. 01-0325, 2001 WL 456351, at *3 (E.D. La. Apr. 27, 2001) (finding no exceptional circumstances because there was no evidence of forum manipulation or bad faith); *Prescott v. Memorial Med. Center-Livingston*, No. 00-0025, 2000 WL 532035, at *5 n.8 (E.D. Tex. Mar. 25, 2000) (same; collecting cases).

No such exceptional circumstances exist in this case.  Brian and Shepard Hyken were served on October 26, 2010, one day before American Family filed the notice of removal and two days before

6

the expiration of the thirty-day removal period.[10]  American
Family and the Hykens are represented by the same attorney, and
that attorney should have made sure that the Hykens filed a
written consent to removal once they were served within the
thirty-day period.  *See Prescott*, 2000 WL 532035, at *5 (failure
to obtain consent to notice of removal "could have been easily
avoided" when defendants were represented by the same counsel);
*see also Morales v. Shaffer*, No. 07-3054, 2007 WL 3237457, at *3
(E.D. La. Oct. 31, 2007) (circumstances were not exceptional when
co-defendants were represented by the same counsel, among other
reasons).  American Family contends that service on the Hykens
was not reflected in the state court record, but courts have
required removing defendants to contact co-defendants directly to
obtain consent even when the defendants do not share an attorney.
In *Dupree v. Torin Jacks, Inc.*, No. 08-1648, 2009 WL 366332 (W.D.
La. Feb. 12, 2009), for example, the court noted that "the
absence of proof of service from the record can certainly be a
factor in determining whether [exceptional] circumstances exist."
*Id.* at *5.  Nonetheless, the court concluded that exceptional
circumstances did not exist when the removing defendant relied
solely on the state court record and did not contact the other

---

[10]    R. Docs. 5 & 7.

defendant.  *Id.; see also Forman v. Equifax Credit Info. Svcs.,
Inc.*, No. 97-431, 1997 WL 162008, at *2 (E.D. La. Apr. 4, 1997)
(exceptional circumstances did not exist when the removing
defendant failed to contact the non-consenting defendant
directly, even though service on the non-consenting defendant was
not reflected in the state court record); *Castro v. Federal Exp.
Corp.*, 880 F.Supp. 497, 498-99 (S.D. Tex. 1995) (no exceptional
circumstances when removing defendant did not make sufficient
efforts to contact non-consenting defendant); *see also Babin v.
Isaman*, No. 09-408, 2009 WL 3672901, at *5 (M.D. La. Nov. 4,
2009) (same); *cf. Milstead Supply Co. v. Casualty Ins. Co.*, 797
F.Supp. 569, 573 (W.D. Tex. 1992) (exceptional circumstances
existed when non-removing defendant was served three hours before
notice of removal was filed).[11]

American Family has not demonstrated that exceptional
circumstances exist in this case.  American Family had the
opportunity to request that the Hykens consent to removal within
the thirty-day period, but it failed to do so, even though the
parties are represented by the same counsel.  Further, there is

---

[11]    *But see Cooper v. Sentry Select Ins. Co.*, 2008 WL
4610235, at *2 & n.1 (W.D. La. Oct. 15, 2008) (counsel for the
removing defendant could rely on the state court record to
determine whether the non-removing defendant was served, even
though counsel also represented the non-removing defendant).

no evidence of bad faith or forum manipulation by the plaintiff. Thus, the Hykens' failure to indicate their consent to removal within the thirty-day limit is not excused by exceptional circumstances.

American Family cites *Batiste v. State Farm Mut. Auto. Ins. Co.*, No. 09-3023, 2009 WL 1649678 (E.D. La. June 10, 2009), for the proposition that, under 28 U.S.C. § 1653, it can simply amend the notice of removal to state that the Hykens were served and that they consent to removal.  Section 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  That provision, "by its terms, may only be utilized to cure defective allegations of jurisdiction," and "it may not be used to amend 'a substantial defect in removal proceedings,' such as the failure to obtain the consent of a co-defendant." *Aucoin v. Gulf South Pipeline Co., L.P.*, No. 04-824, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004) (quoting *Courtney v. Benedetto*, 627 F.Supp. 523, 527 (M.D. La. 1986)); *see also In re Fee Agreement*, No. 10-645, 2010 WL 3303830, at *2 n.9 (E.D. La. Aug. 18, 2010) (same).  Allowing a defendant to use section 1653 to amend the notice of removal in this fashion would undermine the Fifth Circuit's clear rule, *supra*, that all properly joined and served defendants must consent to removal within thirty days of service on the first defendant.  American

9

Family may not amend its notice of removal in this fashion. Because the Hykens did not consent to removal within the thirty-day period, the Court must remand this case to state court.

B.   USAA

Even if exceptional circumstances did excuse the Hykens' failure to join in the notice of removal or to file a written consent in the record within the thirty-day period, the notice is still deficient because USAA also failed to consent within that period.  American Family does not contend that exceptional circumstances justify its failure to obtain USAA's consent in a timely manner.  Rather, American Family argues that USAA is a nominal party whose consent is not required.  "Nominal" or "formal" parties are not required to join in a notice of removal. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991).  "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'"  *Id.* (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

10

American Family argues that USAA is a nominal party, even though it is plaintiff's uninsured/underinsured motorist carrier, because the American Family liability policy, which was "in full force and effect" at the time of the accident,[12] has a coverage limit of $250,000 per person, with a five million dollar umbrella policy covering the vehicle.[13]  According to American Family, that amount exceeds the amount in controversy in this matter.

Although American Family admits that its policy was "in full force and effect" at the time of the accident, it states in its answer that it "denies any and all allegations which may tend to . . . extend or provide coverage, and hereby pleads said policy as if copied herein *in extenso*, including any and all exclusions or policy coverage provisions."[14]  To the extent that the American Family policy does not cover plaintiff's damages because of such exclusions or policy coverage provisions, plaintiff may have a claim against USAA.  In *Tureaud v. Kephart*, No. 09-7269, 2010 WL 1254372 (E.D. La. Mar. 24, 2010), the court ruled that a liability insurer could not "have it both ways" by arguing both that its own policy would clearly cover any damages, making the

---

[12]    R. Doc. 14 at 3.

[13]    R. Doc. 14, Ex. 1.

[14]    R. Doc. 10 at 2.

11

uninsured/underinsured motorist carrier a nominal party, and that its policy may not cover those damages at all.  *Id.* at *3.  This Court faces the same situation.  By denying that its policy covers plaintiff's damages, American Family completely undermines its argument that plaintiff cannot possibly state a claim against USAA.  Therefore, USAA is not a nominal party, and its failure to consent within the thirty-day limit requires the remand of this case.

## III. Conclusion

For the foregoing reasons, the Court REMANDS this matter to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this <u>18th</u> day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE